UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROCHESTER LABORERS' WELFARE-S.U.B. FUND, by Daniel Kuntz, as Chairman, and Daniel Hogan, as Secretary; ROCHESTER LABORERS' PENSION FUND, by Daniel Kuntz, as Chairman, and Daniel Hogan as Secretary; ROCHESTER LABORERS ANNUITY FUND, by Daniel Kuntz, as Chairman and Daniel Hogan, as Secretary; ROCHESTER LABORERS' APPRENTICE AND TRAINING FUND, by Daniel Kuntz, as Chairman, and Daniel Hogan, as Secretary; LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION NO. 435, by Daniel Kuntz, as Business Manager,<br><br>Plaintiffs,<br><br>– against –<br><br>MAINLINING AMERICA, LLC, YVONNE A. SOLIMINE, Individually and as an Officer and/or Member of Mainlining America, LLC, WILLIAM A. BLACK, Individually and as an Officer and/or Member of Mainlining America, LLC, and DONALD L. FELTER, Individually and as an Officer and/or Member of Mainlining America, LLC,<br><br>Defendants. | **COMPLAINT**<br><br>Civil Action No.<br><br>_____ |

Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the Defendants, respectfully allege as follows:

### I. JURISDICTION AND VENUE

1. This is an action arising under the Employee Retirement Income Security Act of 1974 [hereinafter "ERISA"] [29 U.S.C. §§1001 et seq.]. It is an action by fiduciaries of employee benefit plans for monetary and injunctive relief to redress violations of ERISA Sections 404, 406, 409 and 5155 [29 U.S.C. §§ 1104, 1106, 1109 and 1145]. It is also an action under ERISA Sections 502(a)(2) and 502(a)(3) to enjoin and redress violations of ERISA and the terms of the plans, to enforce the provisions of ERISA and the plans, and for breach of fiduciary duty against

{B0072877.1}

employers that failed to timely remit contributions and otherwise abide by the documents that establish and maintain ERISA covered plans [29 U.S.C. §1132(a)(2) & (3)].

2. This is also an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended [hereinafter "LMRA"] [29 U.S.C. §185(a)]. It is a suit for, among other things, violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the LMRA [29 U.S.C. §141 et seq.].

3. Jurisdiction is conferred on this Court by ERISA Section 502(e) [29 U.S.C. §1132(e)], without respect to the amount in controversy or the citizenship of the parties, as provided in ERISA 502(f) [29 U.S.C. §1132(f)].

4. Jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to LMRA Section 301(a) [29 U.S.C. §185(a)], and pursuant to federal law [28 U.S.C. §1337].

5. Venue is established in this Court by ERISA Section 502(e)(2) [29 U.S.C. §1132(e)(2)] and LMRA Section 301(c) [29 U.S.C. §185(c)]. It is an action brought in the district where the plans are administered and where the breach took place.

6. This is an action arising under 28 U.S.C. §1367. It is an action where all non-federal claims raised in the Complaint are so related to the federal claims as to form part of the same case or controversy within the meaning of Article III of the United States Constitution such that this Court may exercise supplemental jurisdiction over those non-federal claims.

## II. DESCRIPTION OF THE PARTIES

7. Plaintiff Daniel Kuntz is Chairman and Plaintiff Daniel Hogan is Secretary of the Rochester Laborers' Welfare-S.U.B. Fund ["Welfare-S.U.B. Fund"]. The Welfare-S.U.B. Fund is administered within the Western District of New York at 18 Fourth Street, Rochester, New York 14609. Mr. Kuntz and Mr. Hogan are fiduciaries of the Welfare-S.U.B. Fund as defined in ERISA Sections 3(21) [29 U.S.C. §1002(21)].

8. Plaintiff Daniel Kuntz is Chairman and Plaintiff Daniel Hogan is Secretary of the Rochester Laborers' Pension Fund ["Pension Fund"]. The Pension Fund is administered within the Western District of New York at 18 Fourth Street, Rochester, New York 14609. Mr. Kuntz and Mr. Hogan are fiduciaries of the Pension Fund, as defined in ERISA Sections 3(21) [29 U.S.C. §1002(21)].

9. Plaintiff Daniel Kuntz is Chairman and Plaintiff Daniel Hogan is Secretary of the Rochester Laborers' Annuity Fund ["Annuity Fund"]. The Annuity Fund is administered within the Western District of New York at 18 Fourth Street, Rochester, New York 14609. Mr. Kuntz and Mr. Hogan are fiduciaries of the Annuity Fund, as defined in ERISA Sections 3(21) [29 U.S.C. §1002(21)].

10. Plaintiff Daniel Kuntz is Chairman and Plaintiff Daniel Hogan is the Secretary of the Rochester Laborers' Apprentice and Training Fund ["Training Fund"]. The Apprentice and Training Fund is administered within the Western District of New York at 18 Fourth Street, Rochester, New York 14609. Mr. Kuntz and Mr. Hogan are fiduciaries of the Training Fund, as defined in ERISA Sections 3(21) [29 U.S.C. §1001(21)] [hereinafter the Welfare-S.U.B. Fund, Pension Fund, Annuity Fund, and Apprentice and Training Fund are referred to as "Rochester Laborers' Plans" or "Rochester Laborers' Funds"].

11. The Rochester Laborers' Funds [hereinafter referred to as "Funds" or "Plans"] are multi-employer plans, as defined in §3(37) of the Act [29 U.S.C. §1002(37)], and are employee benefit plans, as defined in §3(3) of the Act [29 U.S.C. §1002(3)]. The Rochester Laborers' Funds are recipient and collection agents for contributions due to the Rochester Laborers' Employers Cooperative Education Trust ["L.E.C.E.T."] [The Rochester Laborers' Funds and L.E.C.E.T are collectively referred to as "Funds"].

12. Plaintiff Daniel Kuntz is the Business Manager of the Laborers' International of North America Local Union 435 [hereinafter "Union"]. The Union is an unincorporated association maintaining its principal offices at 20 Fourth Street, Rochester, New York. The Union is a labor organization within the meaning of the LMRA §301(a) [29 U.S.C. §185(a)]. The Union is authorized to and entitled to receive certain monies on behalf of the employees covered by collective bargaining agreements. Pursuant to collective bargaining agreements, the Union is recipient and collections agent for deductions from employees' wages for union dues and political action committee monies.

13. Upon information and belief, Defendant Mainlining America, LLC [hereinafter "Defendant Corporation"] is a foreign limited liability company incorporated in the State of New Jersey, registered with the New York State Department of State to conduct business in New York, with a principal place of business and offices at 555 Pound Road, Elma, New York 14059, and a mailing address of P.O. Box 96, Elma, New York 14059 and, at all times relevant herein, was authorized to do, and was doing, business in the State of New York.

14. Upon information and belief, Defendant Yvonne A. Solimine [hereinafter "Defendant Solimine"], is an officer and/or member of Defendant Corporation that was authorized to do, and was doing, business in the State of New York. Upon information and belief, Defendant Solimine resides at 62 Tingley Road, Brookside, New Jersey 07926 and/or 830 South Ocean Boulevard, Palm Beach, Florida 33480.

15. Upon information and belief, Defendant William A. Black [hereinafter "Defendant Black"], is an officer and/or member of Defendant Corporation that was authorized to do, and was doing, business in the State of New York. Upon information and belief, Defendant Black resides at 6 Herlihy Drive, Mawah, New Jersey 07430.

16. Upon information and belief, Defendant Donald L. Felter [hereinafter "Defendant Felter"], is an officer and/or member of Defendant Corporation that was authorized to do, and was doing, business in the State of New York. Upon information and belief, Defendant Felter resides at 372 North 6th Street, Surf City, New Jersey 08008 and/or 54 Brookside Terrace, North Caldwell, New Jersey 07006.

17. Defendants are employers in an industry affecting commerce, all as defined in ERISA Section 3(5), (11) and (12) [29 U.S.C. § 1002(5), (11) and (12)]. Defendants are also employers of employees covered by an employee benefit plan and multiemployer plan maintained pursuant to collective bargaining agreement, all as defined in ERISA Sections 3(3) and (37) [29 U.S.C. § 1002(3) and (37)], and are obligated to make contributions to the Funds in accordance with ERISA Section 515 [29 U.S.C. § 1145].

18. Defendants are parties in interest with respect to the Funds as defined in ERISA Section 3(14)(C), (E) and (H) [29 U.S.C. § 1002(14)(C), (E) and (H)] and act directly as employers and/or indirectly in the interests of the employers in relation to the Funds, all as defined in

ERISA Section 3(5) [29 U.S.C. § 1002(5)].

19. To the extent that Defendants exercised any authority or control with respect to the management or disposition of assets of Plaintiff Funds, they are fiduciaries within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

### III. FIRST CAUSE OF ACTION

20. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "19" inclusive of this Complaint as if set forth fully at this point.

21. Section 515 of the Act [29 U.S.C. §1145] provides that:

> Every employer who is obligated to make contributions
> to a multi-employer plan under the terms of the plan
> or under the terms of a collectively bargained
> agreement shall, to the extent not inconsistent with
> law, make such contributions in accordance with the
> terms and conditions of such plan or such agreement.

22. At all times relevant herein, Defendant Corporation was party to the 2013-2018 Highway & Heavy Agreement between Labor Relations Division, Rochester Region, Associated General Contractors of New York State LLC and Local Union No. 435, Laborers International Union of North America Affiliated with the AFL-CIO, executed by Defendant Black on behalf of Defendant Corporation on October 20, 2014 [hereinafter "CBA"]. The CBA automatically renewed and remains in full force and effect for each calendar year on and after March 31, 2018

23. Pursuant to the CBA, the Defendant Corporation is bound by the terms and conditions, rules and regulations of the Agreements and Declarations of Trust of the Rochester Laborers' Welfare-S.U.B. Fund, the Restated Agreement and Declaration of Trust of the Rochester Laborers' Pension Fund, the Restated Agreement and Declaration of Trust of the Rochester Laborers' Annuity Fund, the Restated Agreement and Declaration of Trust of the

Rochester Laborers' Training Fund, the Restated Agreement and Declaration of Trust of the Rochester Laborers' Employers Cooperative Education Trust, and the Collections Policy of the Rochester Laborers' Welfare-S.U.B. Fund, Rochester Laborers' Pension Fund, Rochester Laborers' Annuity Fund and Rochester Laborers' Training Fund [hereinafter "Trusts" and "Collections Policy"].

24. The CBA, Trusts and Collections Policy obligate Defendant Corporation to submit reports and remit contributions to Plaintiff Funds for each hour that its employees performed work covered by the CBA, i.e., laborers' work or bargaining unit work.

25. The CBA requires Defendant Corporation to deduct from the wages of certain employees who performed work covered by the CBA, i.e., laborers' work, stipulated sums for each hour worked and pay said amounts to the Union, said amounts representing Union dues and monies due to the Political Action Committee ["P.A.C."].

26. The CBA, Trusts and Collections Policy obligate the Defendant Corporation to file its remittance reports and remit the contributions and deductions by the fifteenth (15th) day of the month following the month during which the hours of bargaining unit work were performed under the CBA.

27. Under the CBA, the Trusts, the Collections Policy, and 29 U.S.C. §1132(g)(2), if Defendant Corporation fails to timely remit contributions and deductions, it is liable not only for the amount of contributions and deductions due, but also for the following: (1) interest on the unpaid and untimely paid Rochester Laborers' Funds' contributions, calculated at the rate of one and one-half percent (1½%) per month; plus (2) the greater of interest on the unpaid and untimely paid Rochester Laborers' Funds' contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (3) interest on the unpaid and

untimely paid L.E.C.E.T. contributions, at the rate of one and one-half percent (1½%) per month; plus (4) interest again on the unpaid and untimely paid L.E.C.E.T. contributions, representing liquidated damages; plus (5) interest on the unpaid and untimely paid Union deductions and P.A.C. monies at the rate of nine percent (9%) per annum; plus (6) costs and fees of collection and attorneys' fees.

28. Defendant Corporation is contractually liable under the CBA, Trusts and Collections Policy to timely report on a monthly basis the number of hours worked by all of its employees performing bargaining unit work, i.e., laborers' work.

29. Defendant Corporation is statutorily obligated to maintain accurate and complete books and records of the number of hours of bargaining work, i.e., laborers' work, performed by all of its employees and subcontractors.

30. The CBA, Trusts, the Collections Policy and ERISA obligate Defendant Corporation to permit the Plaintiffs, on demand, to check, examine and audit its books and records, papers and reports as may be necessary to permit the Plaintiffs to determine whether Defendant Corporation accurately reported the number of hours of bargaining unit work performed by its employees and to determine the amount of contributions due and owing to Plaintiffs, including, but not limited to, its payroll records, timecards, accounts payable records, general ledgers, cash disbursements journal, hours reports, tax returns and any other records relating to hours worked by all employees, including union, non-union, bargaining unit and non-bargaining unit employees, subcontractors, and independent contractors of Defendant Corporation.

31. Defendant Corporation is contractually liable under the CBA, Trusts and Collections Policy to pay the costs and expense of the audit, all auditing fees, and any and all

attorneys and paralegal fees and costs incurred by the Plaintiffs in obtaining the audit.

32. Defendants have failed to comply with their obligations to the Plaintiff Plans to produce all of Defendant Corporation's records for audit, despite due demand for compliance.

33. Defendants must be ordered to produce Defendant Corporation's books and records for the period October 20, 2014 to date for Plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit.

34. In the event it is discovered that the Defendant Corporation has not properly submitted accurate reports to the Plaintiffs and has not properly paid the appropriate monies to the Plaintiffs, the Court must enter a judgment for any and all contributions and deductions that become due or are determined to be due to Plaintiffs whether arising before or after commencement of the action, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys and paralegal fees, all at the rates set forth in Complaint paragraph No. 27.

### IV. SECOND CAUSE OF ACTION

35. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "34" inclusive of this Complaint as if set forth fully at this point.

36. Under the CBA, the Trusts, and the Collections Policy, Defendant Corporation is obligated to remit fringe benefit contributions and deductions by the fifteenth (15th) day of the month following the month during which the hours were worked by its employees.

37. Defendant Corporation untimely remitted $81,017.09 in fringe benefit contributions and deductions to the Funds and Union for the months of May 2018, June 2018 and August 2018, failing to remit those monies by the fifteenth (15th) day of the month

following the month during which the hours were worked by its employees.

38.     As a result of the Defendant Corporation's untimely remittance of the $81,017.09 to the Funds and Union, the Defendant Corporation owes $952.07 in interest, $13,510.26 in liquidated damages, plus all costs and fees of collection and attorneys' and paralegal fees incurred by the Funds and Union.

## V. THIRD CAUSE OF ACTION

39.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1" through "38" inclusive of this Complaint as if set forth fully at this point.

40.     Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit [29 U.S.C. §1106(a)(1)(A) and (B)]. Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for their personal account [29 U.S.C. §1106(b)(1)-(3)].

41.     Section 406 of the Act [29 U.S.C. §1106] provides that the following is a prohibited transaction:

>   (A)     sale or exchange, or leasing, of any property between the plan and a party in interest;
>
>   (B)     lending of money or other extension of credit between the plan and a party in interest;
>
>   (C)     furnishing of goods, services, or facilities between the plan and a party in interest;
>
>   . . .
>
>   (D)     transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan; or. . .

42. At all times relevant herein, Defendant Solimine, Defendant Black and Defendant Felter were parties in interest with respect to the Plaintiffs' Plans because they were fiduciaries, employers, or owners within the meaning of ERISA Section 3(14)(A), (C) and (E) [29 U.S.C. §1002(14)(A), (C) and (E)].

43. The Trusts of the Rochester Laborers' Welfare-S.U.B Fund, Rochester Laborers' Pension Fund, Rochester Laborers' Annuity Fund, Rochester Laborers' Training Fund and Rochester Laborers' Employers Cooperative Education Trust provide that the Funds' Trustees are vested with all right, title and interest in and to such contributions and all interest which may be accrued thereon.

44. The Trusts of the Rochester Laborers' Welfare-S.U.B. Fund, Rochester Laborers' Pension Fund, Rochester Laborers' Annuity Fund, Rochester Laborers' Training Fund and Rochester Laborers' Employers Cooperative Education Trust provide that title to all contributions paid into and/or due and owing to the Plaintiff Rochester Laborers' Funds is vested in and remains exclusively in the Trustees of the Plaintiff Rochester Laborers' Funds; outstanding and withheld contributions constitute plan assets.

45. To the extent that Defendants Solimine, Black and Felter have withheld contributions from the Plaintiff Funds, Defendants Solimine, Black and Felter have received and retained from the Plaintiff Funds for their own personal use and benefit, monies which are rightfully assets of the Plaintiff Funds.

46. To the extent that Defendants Solimine, Black and Felter have withheld, received and retained contributions owed to Plaintiff Funds, Defendants Solimine, Black and Felter, as parties in interest, impermissibly used the assets of the Plaintiff Funds in contravention of §406 of the Act, the interests of the Plaintiff Funds and the interests of the

Plaintiff Funds' fiduciaries, participants and beneficiaries.

47. To the extent that the audit shows that Defendants have not paid contributions to Plaintiff Funds, Defendants Solimine, Black and Felter have damaged the Plaintiff Funds and are liable to Plaintiff Funds for the following:

(A) Any monies discovered to be due to the Rochester Laborers' Funds as uncovered by the audit sought at paragraph Nos. 33 and 34 of the Complaint herein plus interest thereon at the highest rate of return on Plaintiff Rochester Laborers' Funds' investments, costs and expenses of collection, audit fees and attorneys and paralegal fees; and

(B) To restore to the Plans any profits that Defendants made through use and retention of the assets of the Plaintiff Funds.

## VI.   FOURTH CAUSE OF ACTION

48. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses" [29 U.S.C. §1104(a)(1)(A)].

50. ERISA Section 404(a) provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law [29 U.S.C. §1104(a)(1)(D)].

51. Absent an exemption, ERISA Section 406, 29 U.S.C. §1106, makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit and to deal with plan

assets for their personal account.

52. New York Lien Law Article 3-A provides that construction contractors and their officers, shareholders, directors, managers and agents must use monies earned for work at a construction project to pay the cost of, among other things, the employees' wages and benefits.

53. The Trusts of the Rochester Laborers' Health and Welfare Fund, Rochester Laborers' Pension Fund, Rochester Laborers' Annuity Fund, Rochester Laborers' Training Fund and Rochester Laborers' Employers Cooperative Education Trust provide that the Funds' Trustees are vested with all right, title and interest in and to such contributions and all interest which may be accrued thereon.

54. The Trusts of the Rochester Laborers' Welfare-S.U.B. Fund, Rochester Laborers' Pension Fund, Rochester Laborers' Annuity Fund, Rochester Laborers' Training Fund and Rochester Laborers' Employers Cooperative Education Trust provide that title to all contributions paid into and/or due and owing to the Plaintiff Rochester Laborers' Funds is vested in and remains exclusively in the Trustees of the Plaintiff Rochester Laborers' Funds; outstanding and withheld contributions constitute plan assets.

55. Upon information and belief, during the period October 20, 2014 to date and in connection with various projects, Defendant Corporation employed individuals or subcontractors covered by the CBA who performed work on certain construction projects for the benefit of the projects and Defendants.

56. Upon information and belief, as a result of the work performed by employees, Defendants received sums of money related to construction projects intended to pay, among other things, the wages and benefits of employees furnishing and supplying the labor.

57. Defendants Solimine, Black and Felter are fiduciaries of the monies so received and the monies so received and held by them constitute assets of the Plaintiff Rochester Laborers' Funds to be utilized for the benefit of the Plaintiff Rochester Laborers' Funds.

58. Defendants Solimine, Black and Felter, upon information and belief, had managerial discretion and control over the Defendant Corporation, made decisions on behalf of the Defendant Corporation, signed contracts governing the Defendant Corporation, and/or acted on behalf of and in the interest of the Defendant Corporation in their dealings and relations with Plaintiffs.

59. Defendants Solimine, Black and Felter, upon information and belief, determined which creditors the Defendant Corporation would pay, determined when the Plaintiff Funds would be paid, determined how much money would be paid to the Plaintiff Funds, exercised control over money due and owing to the Plaintiff Funds, determined which employees of the Defendant Corporation would be reported to the Plaintiff Funds, and determined the number of hours upon which contributions would be reported as owing to the Plaintiff Funds, i.e., the Plaintiff Funds' assets, and, therefore, they are fiduciaries.

60. To the extent that Defendants Solimine, Black and Felter transferred, applied, used or diverted, or permitted the transfer, application, use, or diversion of, the Plaintiff Funds' trust assets to purposes other than purposes of the Plaintiff Funds without first making payment to Plaintiff Funds and acted contrary to their fiduciary obligations, they are guilty of breaching their fiduciary duties under ERISA, 29 U.S.C. §§1104, 1106 and 1109, and the New York Lien Law.

61. To the extent that Defendants Solimine, Black and Felter commingled, or permitted the commingling of, assets of the Plaintiff Funds with the Defendant Corporation's general assets and used, or permitted the use of, the Plaintiff Funds' assets to pay other creditors of the Defendant Corporation rather than forwarding the assets to the Plaintiff Funds, they are guilty of breaching their fiduciary duties.

62. To the extent that Defendants Solimine, Black and Felter used the Plaintiff Funds' assets for purposes other than the interests of the Plaintiff Funds and their participants and beneficiaries, they are in violation of §§1104, 1106, and 1109 of ERISA and the New York Lien Law.

63. To the extent that Defendants Solimine, Black and Felter have withheld contributions from the Plaintiff Funds and/or untimely paid contributions to the Plaintiff Funds, they have not acted solely in the interests of the participants and beneficiaries and they have acted contrary to the Plaintiff Funds' documents and, therefore, they are individually and personally liable for the violations of ERISA Sections 404 and 406 described herein [29 U.S.C. §§1104 and 1106].

64. If the audit shows that Defendants Solimine, Black and Felter did not properly pay and/or timely pay the appropriate monies to the Plaintiffs, Defendants Solimine, Black and Felter have breached their fiduciary duties by the wrongful diversion and/or conversion of the Plaintiff Funds' assets, as mentioned above, and they are liable to the Plaintiff Funds for the following:

 (A) Any monies discovered to be due to the Rochester Laborers' Funds as uncovered by the audit sought at paragraph Nos. 33 and 34 of the Complaint herein plus interest thereon at the highest rate of return on Plaintiff Rochester Laborers' Funds' investments, costs and expenses of collection, audit fees and attorneys and paralegal fees; and

 (B) To restore to the Plans any profits that Defendants made through use and retention of the assets of the Plaintiff Funds.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1. On Plaintiffs' First Cause of Action, judgment against the Defendants:

 (A) Requiring them to produce the Defendant Corporation's books and records for Plaintiffs' review and audit for the period October 20, 2014 to date, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys and paralegal fees and costs incurred in obtaining that audit; and

 (B) For any and all contributions and deductions that are determined to be due pursuant to the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys and paralegal fees, all at the rates set forth in Complaint paragraph No. 27.

2. On Plaintiffs' Second Cause of Action, judgment against the Defendant Corporation for $952.07 in interest, $13,510.26 in liquidated damages, plus all costs and fees of collection and attorneys' and paralegal fees incurred by the Funds and Union.

3. On Plaintiffs' Third and Fourth Causes of Action, judgment in favor of the Plaintiff Funds and against the Defendants Yvonne A. Solimine, William A. Black and Donald L. Felter as follows:

(A) Any monies discovered to be due to the Rochester Laborers' Funds as uncovered by the audit sought at paragraph Nos. 33 and 34 of the Complaint herein plus interest thereon at the highest rate of return on Plaintiff Rochester Laborers' Funds' investments, costs and expenses of collection, audit fees and attorneys and paralegal fees; and

(B) To restore to the Plans any profits that Defendants made through use and retention of the assets of the Plaintiff Funds.

DATED: February 20, 2019

BLITMAN & KING LLP

By: _____
Jennifer A. Clark, of Counsel
Attorneys for Plaintiffs
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-1415
Telephone: (315) 422-7111
Facsimile: (315) 471-2623
Email: jaclark@bklawyers.com